Commonwealth of Pennsylvania, Acting by Attorney General Edward G. Biester, Jr., Appellant *v.* Luther Ford Sales, Inc., et al., Appellees.

Argued May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

124

*Robert C. Edmundson*, Deputy Attorney General, with him *Jeremy W. Homer*, Deputy Attorney General, for appellant.

No appearance for appellee.

*Robert L. Rubendall*, *Keefer*, *Wood*, *Allen & Rahal*, for Amicus Curiae, Pennsylvania Automotive Association.

OPINION BY JUDGE ROGERS, June 19, 1981:

One Gerald Lewis owned a 1976 Toyota Corolla which had been damaged in the 1977 Johnstown Flood. He was paid for total loss of the vehicle by his insurance company which took possession of the car and parked it in a salvage area. One Joseph Joseph purchased the Toyota and cleaned and repaired it.

On March 25, 1978, Richard Kundla, a licensed automobile salesman employed by Luther Ford Sales, Inc., acting as Luther Ford's agent, purchased the Toyota from Joseph. Joseph told Kundla that the car had been damaged in the Johnstown Flood and had engine problems. Luther Ford's attempts to repair the engine were only partly successful.

On March 22, 1979, Kundla sold the Toyota for Luther Ford to a Mr. and Mrs. Steven Butchkowski for $1,700 cash and a trade-in vehicle. Kundla did not tell the Butchkowskis that the Toyota had been damaged in the 1977 Johnstown Flood. He told them that

the engine emitted a tapping sound. Butchkowski said he had a spare engine at home to replace the defective engine; but the spare engine was found not to fit the Toyota. The Butchkowskis had continuous trouble with the Toyota engine. They eventually learned from a person or persons unconnected with Luther Ford that their car had been a victim of the Johnstown Flood and lodged a complaint with the Bureau of Consumer Protection which (acting by the Attorney General) in turn sued Richard Kundla and Luther Ford in equity in the Court of Common Pleas of Indiana County charging them with violation of provisions of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), Act of December 17, 1968, P.L. 1224, No. 387, *as amended*, 73 P.S. §201-1 *et seq.*, forbidding false representation in selling goods. In particular, the defendants were charged with violating a regulation of the Bureau at 37 Pa. Code §301.2(5)(v) declaring it to be an unfair practice to sell a flood damaged motor vehicle without disclosing this fact to the buyer. Injunctive relief, an order of restitution and civil penalties were sought. After trial, the chancellor filed an adjudication in which he found as a fact that the defendants did not disclose that the Toyota was flood damaged but concluded that the transaction was conducted essentially fairly and therefore by decree nisi denied the plaintiff Bureau all relief. The chancellor's finding that Kundla did not disclose that the Toyota had been flood damaged, a fact known to him, established that he and his principal engaged in a deceptive act or practice in violation of the regulation at 37 Pa. Code §301.2(5)(v).[1] The court's conclusion that the

---

[1] Section 3.1 of UTPCPL, 73 P.S. §201-3.1 authorizes the Attorney General to adopt regulations which have the force and effect of law.

UTPCPL was observed because the sale of the Toyota was generally fairly coducted by the sellers was error. The prayer for an order restraining the defendants from selling or offering flood damaged motor vehicles without disclosure should have been granted; and we will remand for the entry of such an order.

Section 4.1 of UTPCPL, 73 P.S. §204-4.1 invests the court issuing a permanent injunction restraining violations of the UTPCPL with discretion to direct the defendants to restore any moneys or property which may have been acquired by means of a violation of the UTPCPL to any person in interest. Having concluded that the defendants had not violated the act, the chancellor, of course, did not consider the subject of restitution. Therefore, in remanding, we will direct the court to consider and exercise the discretion conferred by Section 4.1. The Attorney General further requested that civil penalties be assessed against the defendants as allowed by Section 8(b) of the UTPCPL, where the hearing court finds that a person, firm or corporation has wilfully used a practice declared unlawful by the UTPCPL. Since this question was not reached below, we will direct the court to decide what finding and decision should be made in this regard.

The Commonwealth finally says that two other regulations at 37 Pa. Code §§301.4(7) and (8) are violated by the contract of sale used by the defendants' dealership in the transaction with the Butchkowskis. Section 301.4(7) forbids the increase of the contract price of a motor vehicle after the contract has been accepted by the dealer and Section 301.4(8) forbids the reappraisal by the dealer of the value of a trade-in vehicle except in exceptional circumstances between the date of valuation and date of delivery to the dealer. The defendants reserved to themselves the right to change the price of a new car if the

manufacturer changed the price to the dealer before delivery and to reappraise a trade-in vehicle at the time of delivery of the new vehicle. While these clauses may have reserved to the defendants rights which they might not lawfully have exercised and which should not have been reserved in the contract, neither was invoked by the defendants in this case. Indeed the clause concerning the sale price refers only to new cars, not used cars such as was here involved. We find no error in the refusal of injunctive relief and of civil penalties for the mere ignorant inclusion of inappropriate terms in the contract.

Decree reversed; remanded for an order enjoining the defendants from violation of the regulation at 37 Pa. C. S. §301.2(5)(v) and for an order exercising the court's discretion or power with respect to restitution and civil penalties consistent with this opinion and the UTPCPL.

ORDER

AND Now, this 19th day of June, 1981, we reverse the decree of the Court of Common Pleas of Indiana County insofar as it denies the Commonwealth's request for injunctive relief against the defendants in relation to further violations of §301.2(5)(v) of 37 Pa. Code Ch. 301 and remand to the lower court with the direction that it issue a permanent injunction against further violations by the defendants of this regulation and for determinations as to whether or not the defendants should pay restitution to the Butchkowskis and civil penalties to the Commonwealth.

We affirm the lower court's decree insofar as it denied all relief requested by the Commonwealth in relation to specific clauses in the contract of sale used by the defendant dealer in the transaction involved.